IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRINIDAD RUBACALBA, )<br>A-23-173-748 )<br>    )<br>    Petitioner, )<br>    )<br>vs. )<br>    )<br>GLENN TRIVELINE, Field Office Director )<br>of Immigration and Customs Enforcement; )<br>MICHAEL MUKASEY, United States )<br>Attorney General; MICHAEL CHERTOFF, )<br>Secretary of Homeland Security; )<br>    )<br>    Respondents. ) | No. _____<br><br>**FILED: JULY 2, 2008**<br>**08CV3798**<br>**JUDGE GETTLEMAN**<br>**MAGISTRATE JUDGE BROWN**<br><br>**AEE** |

EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS,
WRIT OF MANDAMUS, AND COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

NOW COMES the Petitioner, TRINIDAD RUBACALBA, by and through his attorneys, Katz Law Office, LTD, and for his Emergency Petition for Writ of Habeas Corpus, Writ of Mandamus, and Complaint for Declaratory and Injunctive Relief states as follows:

I. JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. §2241 (habeas corpus jurisdiction); 28 U.S.C. §1331 (federal question jurisdiction), 1346 (a)(2) (actions against officers of the United States); 28 U.S.C. §1361 (jurisdiction over actions for mandamus); 28 U.S.C. §2201 *et seq.* (the Declaratory Judgment Act) and 5 U.S.C. § 702, *et seq.* (the Administrative Procedure Act).

2. Venue is proper in the Northern District of Illinois under 28 U.S.C. §1391(e)(2) because at the time of the filing of this action, Petitioner faces imminent deportation as a result of proceedings and events which took place within the Northern District, and under §1391(e)(1) because Petitioner's residence, the home to which he is being prevented from returning, is in Chicago, Illinois.

II. PARTIES

3. Petitioner is a native and citizen of Mexico. He came to the United States with his wife in October, 1974 and has lived in the United States ever since. He is a noncitizen of

1

the United States who, prior to his detention, had been living with his wife, and with his daughter Olga, and her two children. He is being held at the Department of Homeland Security at Dodge County Jail in Juneau, Wisconsin. Petitioner has a 31 year old United States citizen son, Eusotlio Rubacalba, who filed Petition for Alien Relative (I-130), on behalf of his father on May 23, 2008 (Exhibit D).

4.      Respondent Glenn Triveline is sued in his official capacity as the Field Office Director within the State of Illinois for U.S. Immigration and Customs Enforcement (ICE), an office of the Department of Homeland Security. Respondent Triveline is charged under 8 U.S.C. § 1357(a) with the implementation and enforcement of the immigration laws, and he is the officer who has custody over Petitioner.

5.      Defendant Michael Mukasey is sued in his official capacity as the Attorney General of the United States. He has authority, pursuant to 8 U.S.C. §1103, over the Board of Immigration Appeals, and he has authority to direct the Board to hold bond hearings and establish bond conditions.

6.      Defendant Michael Chertoff is sued in his official capacity as the Secretary of Homeland Security. He is the executive officer who has authority, pursuant to 8 U.S.C. § 1103(a) to manage and control the Immigration and Customs Enforcement. As such, he is the ultimate legal custodian of the Petitioner.

### III. STATEMENT OF FACTS

7.      Petitioner is a native and citizen of Mexico. He came to the United States with his wife in 1974.

8.      Petitioner did not allow his lack of formal education to prevent him from providing financially for his wife and six children. Since coming to the U.S., Petitioner earned a living working as a full-time violinist for several Mariachi bands. Petitioner's Mariachi bands were hired for birthday parties, weddings, baptisms, Christmas parties, New Years Parties and other holidays and events. Petitioner and his wife of thirty-five years have successfully raised six children. Petitioner's children have been able to establish stable families and healthy marriages, to hold well-paying jobs and to become respectable members of their communities. The Rubacalba family is close knit, and while Petitioner and his wife live with daughter Olga and her children, Petitioner has a loving relationship with all his children, who live approximately ten minutes away from Petitioner's home.

9.      An Order to Show cause was issued on August 24, 1982 (Exhibit E), and on January 8, 1986, Petitioner was granted suspension of deportation (Exhibit A).

10.     The decision was appealed by the government and remanded to Immigration Court on June 16, 1992. At a hearing on September 8, 1993, the immigration judge granted Petitioner voluntary departure, and 9 days later, Petitioner filed a timely *pro se* appeal with the Board of Immigration Appeals.

11.  In 1997, while the appeal was pending, Petitioner, having filed *pro se*, changed his address with the BIA, which on January 23, 1998, remanded the case back to the EOIR and sent a notice of hearing to Petitioner's former counsel, who was unaware of the Petitioner's change of address. Petitioner failed to appear at his April 15, 1999 hearing, and was ordered removed *in absentia*.

12.  Petitioner filed a Motion to Reopen, which was denied in 2000. On April 17, 2008, Petitioner filed a Motion to Reopen his *In-Absentia* Removal Order before the EOIR (Exhibit B), based upon his failure to receive proper notice of his master calendar hearing, which motion has been since denied on the grounds that Petitioner is "numerically barred"(Exhibit C).

13.  Petitioner's family has repeatedly attempted to contact counsel who has been unresponsive, until June, 2008, when Petitioner was simply told telephonically that "he is being deported." Petitioner has been living in the United States for thirty-three years and currently qualifies for several possible remedies before the IJ, including perhaps cancellation of removal and/or adjustment of status.

## IV. NON-APPLICABILITY OF THE REAL ID ACT

14.  Congress has decided that federal appellate courts have exclusive jurisdiction to review final orders of removal with the exception of expedited removal cases. INA §242(a)(5); 8 U.S.C.A. §1252(a)(5) (West 2008). This jurisdiction extends to claims involving constitutional issues, questions of law [INA §242(a)(2)(D); 8 U.S.C.A §1252(a)(2)(D) (West 2008)] or cases under the Convention Against Torture. INA §242(a)(4); 8 U.S.C.A. §1252(a)(4) (West 2008). The Courts of Appeal, however, are not permitted to review discretionary determinations. INA §242(a)(2)(B); U.S.C.A. 1252(a)(2)(B) (West 2008).

15.  Provisions contained in the REAL ID Act of 2005 eliminated access to habeas jurisdiction over final deportation orders. INA §242(a)(5); 8 U.S.C.A. §1252(a)(5) (West 2008). Nothing in the REAL ID Act prohibits, however, habeas review at the District Court, to challenges of detention where they are independent of challenges to the final order of removal. See, H.R. Conf. Rep. No. 109-72 at 175.

## V. THE CAUSES OF ACTION

16.  The deprivation of liberty complained of herein violates the laws and Constitution of the United States, as well as international law and treaty obligations with Petitioner's native country of Mexico, which claims arising under are cognizable in habeas corpus under 28 U.S.C. §2241.

### A. HABEAS CORPUS - REVIEW OF THE DENIAL OF HIS MOST RECENT MOTION TO REOPEN

17. Under the Administrative Procedure Act, Petitioner is entitled to habeas review of the denial of his Motion to Reopen. *See,* 5 U.S.C. §703:

> *Form and venue of proceeding.* The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

*See also,* 5 U.S.C. §706:

> *Scope of review.* To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall —— (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be —— (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ...

Petitioner's most recent Motion to Reopen was based upon Petitioner not receiving proper notice of the hearing at which he was ordered removed *in absentia*. The denial of his Motion to Reopen, without a hearing, on grounds that the motion was "numerically barred" pursuant to 8 C.F.R. § 1003.2(c)(2), was both arbitrary and capricious within the meaning of 5 U.S.C. §706(2)(A) in that 8 C.F.R. § 1003.2(c)(2) specifically provides that the limitation on the filing of only one Motion to Reopen per alien is subject to the exception "provided in paragraph (c)(3) of this section", § 1003.2(c)(3)

18. Section 1003.2(c)(3) exempts from the numerical bar any petition filed "pursuant to the provisions of §1003.23(b)(4)(iii)(A)(1) or §1003.23(b)(4)(iii)(A)(2)." Subsection (A)(2) states that an "order entered in absentia may be rescinded upon a motion to reopen filed ... [a]t any time if the alien demonstrates that he or she did not receive notice". Petitioner's most recent Motion to Reopen was based precisely on Petitioner not having received notice of his prior hearing, at which an order was entered *in absentia*.

19. Respondent's failure to provide any meaningful reason for the denial, and his failure to grant Petitioner a hearing on his motion, made it impossible for Petitioner to address any perceived defects, or further demonstrate his eligibility, such that statutory review by the agency was unavailable, making judicial review of the decision proper at the District Court under 5 U.S.C. §703.

### B. MANDAMUS - FAILURE TO CONDUCT A HEARING

ON HIS MOTION TO REOPEN

20. As this Court has previously noted, "[a] writ of mandamus may be issued by the district court "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. §1361. To prevail on a mandamus claim, a plaintiff must demonstrate that: "(1) he has a clear right to the relief sought; (2) the defendant has a duty to the act in question; and (3) no other adequate remedy is available." *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir.2002)." *Al-Bareh v. Chertoff*, 2008 WL 2001951 (N.D.Ill.).

21. Petitioner filed a timely Motion to Reopen following the *in absentia* order of removal entered against him in the previous hearing. Respondents owe him a duty to conduct a hearing on the issue of whether Petitioner did, or did not, receive notice of the previous hearing. Only thereafter may Respondent grant or deny the Motion to Reopen on the grounds of a numerical bar. Having denied Petitioner's relief without a hearing, Respondents have breached their duty to afford Petitioner the exercise of his statutory and procedural right to have his Motion to Reopen decided on grounds that are consistent with the Code of Federal Regulations, or in the least not denied in an arbitrary and capricious manner.

21. In light of the above, this Court has the power to mandate that the Respondents stay the removal of Petitioner in order to give Respondents time to follow their own procedure and afford Petitioner the opportunity, through a hearing, to present his Motion to Reopen.

## VI. IRREPARABLE INJURY

22. Petitioner is suffering and will continue to suffer irreparable injury because of the government's actions. Every day that he is held, and every day that he is prevented from pursuing the administrative remedies available to him, he faces a significant deprivation of liberty interests; specifically, he and his family are made to suffer, and he is deprived of his rights to procedural and substantive due process.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. Petitioner has exhausted all administrative remedies and no further administrative remedies are available to him. The very reason for bringing the present action is that Respondents have improperly denied his pursuit of administrative remedies to continue by erroneously denying his most recent Motion to Reopen without affording him an administrative hearing. As a result, Petitioner is without administrative recourse and is forced to bring his claim before this Honorable Court.

WHEREFORE, the Petitioner, TRINIDAD RUBACALBA, respectfully prays that this Honorable Court will:

(1) order the Respondents to stay the removal of Petitioner until such time as they have provided a hearing on his Motion to Reopen;

(2) issue a Writ of Habeas Corpus directing the Respondents to bring the Petitioner to this Court at a time to be specified and explain why the Petitioner should not be released from custody immediately;

(3) declare that Petitioner is eligible to be released on bond and that DHS's application of the Immigration and Nationality Act is arbitrary and capricious, an erroneous interpretation of law, and violates his procedural and substantive due process rights under the Eighth and Fourteenth Amendments to the U.S. Constitution; and stating further that Petitioner is entitled to an individualized bond hearing before a neutral judge;

(4) order that Petitioner be released immediately from DHS custody either without bond or with bond in a reasonable amount to be determined by this Court; or alternatively, order that a bond hearing be held immediately before an immigration judge; and

(5) order such other relief as may be just and appropriate, including costs, expenses and reasonable attorney fees.

Respectfully submitted,

By: /s/ Daniel W. Thomann
Attorney for Defendants

Katz Law Office, Ltd.
4105 West 26th Street
Chicago, Illinois 60623
PH:  773-321-6651
FAX: 773-321-6708

VERIFICATION

Daniel W. Thomann, being duly sworn upon oath, hereby states: I represent the Petitioner in these habeas corpus proceedings. The Petitioner, Trinidad Rubacalba, is currently in detention, and he is not able to appear in my office to sign this Verification. I have reviewed the available record of the removal proceedings, discussed this matter with the Petitioner's family, and my staff has discussed the Petitioner's detention status with an

officer of the Department of Homeland Security. I verify that the information contained in the foregoing Petition is true and correct to the best of my knowledge and belief.

    By: /s/ Daniel W. Thomann
        Attorney for Defendants


Katz Law Office, Ltd.
4105 West 26th Street
Chicago, Illinois 60623
PH:   773-321-6651
FAX: 773-321-6708

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRINIDAD RUBACALBA,<br>A-23-173-748<br><br>Petitioner,<br><br>vs.<br><br>GLENN TRIVELINE, Field Office Director<br>of Immigration and Customs Enforcement;<br>MICHAEL MUKASEY, United States<br>Attorney General; MICHAEL CHERTOFF,<br>Secretary of Homeland Security;<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)     No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**EXHIBITS IN SUPPORT OF**

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS,
WRIT OF MANDAMUS, AND COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

The following Ehibits are attached:

| Document: | Page number(s) |
|---|---|
| Exhibit A: Memorandum of Oral Decision | 1 |
| Exhibit B: Motion to Reopen In Absentia Removal Order | 2-6 |
| Exhibit C: Decision of Immigration Judge | 7-9 |
| Exhibit D: I-130 Receipt Notice | 10 |
| Exhibit E: Order to Show Cause, Notice of Hearing<br>     And Warrant for Arrest of Alien | 11 |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRINIDAD RUBACALBA,<br>A-23-173-748<br><br>    Petitioner,<br><br>vs.<br><br>GLENN TRIVELINE, Field Office Director<br>of Immigration and Customs Enforcement;<br>MICHAEL MUKASEY, United States<br>Attorney General; MICHAEL CHERTOFF,<br>Secretary of Homeland Security;<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. _____<br><br>**08CV3798**<br>**JUDGE GETTLEMAN**<br>**MAGISTRATE JUDGE BROWN**<br><br>**AEE** |

EXHIBITS IN SUPPORT OF

EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS,
WRIT OF MANDAMUS, AND COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

The following Ehibits are attached:

| Document: | Page number(s) |
|---|---|
| Exhibit A: Memorandum of Oral Decision | 1 |
| Exhibit B: Motion to Reopen In Absentia Removal Order | 2-6 |
| Exhibit C: Decision of Immigration Judge | 7-9 |
| Exhibit D: I-130 Receipt Notice | 10 |
| Exhibit E: Order to Show Cause, Notice of Hearing<br>          And Warrant for Arrest of Alien | 11 |

**EXHIBIT A**

U.S. Department of [Justice]

Executive Office for [Immigration Review]

Office of the Immigration Judge

FILE: A 23 173 748

In the Matter of:
Trinidad Rubalcaba-Gonzales

Respondent/Applicant

) IN DEPORTATION/EXCLUSION/
) RESCISSION PROCEEDINGS PURSUANT
) TO 8 U.S.C. 1101 et.seq (The
) Immigration and Nationality Act
)

## MEMORANDUM OF ORAL DECISION

This is a summary of the oral decision entered on January 8, 1986 in Chicago, Illinois. This memorandum is solely for the convenience of the parties. If the decision is appealed, or the proceedings should be reopened, the oral decision will be transcribed and will become the official decision in these proceedings.

___ The Respondent was ordered deported to _____.
___ The Applicant has been ordered excluded and deported.
___ The Respondent was granted voluntary departure on or before _____ with an alternate order of deportation to _____.
___ The Respondent was granted/denied relief under Section _____.
_X_ The Respondent was granted/denied Suspension of Deportation under Section 244(a) of the Act.
___ The Respondent was granted/denied adjustment of status under Section 245 of the Act.
___ The Respondent/Applicant was granted/denied Asylum/Withholding of Deportation under Section 208(a)/243(h) of the Act.
___ The proceedings were terminated.
___ The Applicant is admitted as a ___ nonimmigrant until _____.
___ On condition that a maintenance of status and departure bond in the amount of $_____ be posted.
___ The Applicant's request for leave to withdraw the application for admission to the United States was granted.
___ The Applicant/Respondent was granted a waiver under Section _____ of the Act and the proceedings were terminated.
___ The Respondent's adjustment of status was rescinded under Section 246 of the Act.
___ Requested relief pursuant to Section _____ of the Act was deemed to be abandoned because of failure to prosecute.
___ Respondent/Applicant failed to appear and the case was ordered administratively closed upon recommendation of the INS. No further action will be taken in this matter until such time as the Respondent/Applicant is located and the case is presented for recalendaring. The hearing was held in absentia.
_X_ The Service/Respondent/Applicant has/have waived/reserved appeal. If Appeal has been reserved, appeal must be filed by January 21, 1986.
___ Other

Date: January 8, 1986
Place: Chicago, Illinois

Immigration Judge

**EXHIBIT B**

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
IMMIGRATION COURT

IN RE: )
)
Trinidad Ruvalcaba-Gonzales ) In Deportation Proceedings
A 23 173 748 )
)
Respondent. )

RECEIVED APR 17 2008 USCIS CHICAGO, ILLINOIS CASH-CLERK

## MOTION TO REOPEN
## *IN-ABSENTIA* REMOVAL ORDER

**NOW COMES** the Respondent, Trinidad Ruvalcaba-Gonzales, by and through his attorney, Stanley J. Horn of the Law Firm of Horn, Khalaf, Abuzir, Mitchell & Schmidt, LLC, and moves the Court to reopen the *in absentia* deportation order of July 15, 1999. As grounds thereof, Respondent states as follows:

1. That on or about September 1985, Respondent was issued an order to show cause scheduling Respondent to appear before the Immigration Judge on October 17, 1985.

2. Respondent's matter was continued to an individual hearing on January 8, 1986 at which time Immigration Judge O. John Brahos granted the respondent relief in the form of suspension of deportation. Respondent's counsel at this time was Stanley J. Horn.

3. On January 17, 1986, the government filed an appeal of the decision to the Board of Immigration Appeals which was ultimately remanded back to the Immigration Judge on June 16, 1992.

4. At a hearing on September 8, 1993, the immigration judge granted the respondent relief in the form of voluntary departure.

5. The respondent filed a timely appeal on September 17, 1993 with the Board of

Immigration Appeals. At this time the client filed the appeal pro se.

6. In 1997, the respondent changed his address with the Board of Immigration Appeals to 5519 S. Kenneth, Chicago, Illinois 60629.

7. On January 23, 1998, the BIA remanded the respondent's case back to the EOIR, Chicago, Illinois.

8. A notice of hearing was sent to respondent's former counsel, Stanley J. Horn, who was unaware of the respondent's new address.

9. On July 15, 1999, the respondent was ordered deported *in absentia*.

10. Respondent filed a Motion to Reopen which was ultimately denied on October 15, 1999.

11. That Respondent never received the Notice of Hearing from the Chicago, Illinois EOIR scheduling respondent for the July 15, 1999 hearing. Respondent advised the BIA of his new address, however, the EOIR Chicago sent the Notice of Hearing to his former counsel.

12. That Respondent was awaiting notice of hearing to allow him to re-apply for relief.

13. That due to this failure to receive proper notice occurring, the Respondent was unaware to appear on July 15, 1999 for his Master Calendar.

14. That an in absentia order may be rescinded by the Immigration Judge upon the filing of a motion to reopen if the respondent did not receive proper notice of the hearing. INA § 240(b)(5)(C); INA § 242B(c)(3) (pre-IIRAIRA, April 1997); 8 C.F.R. § 3.23(b)(4)(ii), (iii)(A)(2); see *Matter of Haim*, 19 I & N Dec. 641 (BIA 1988).

15. That since the filing of his initial Motion to Reopen, there has been new precedent BIA caselaw holding where the Notice to Appear is mailed to an alien

but the record reflects that the alien did not receive the Notice to Appear, the alien has not been sufficiently notified of removal proceedings. In Re G-Y-R- Int. Dec. 3458 (BIA 2001).

16. That this Motion is filed in a timely manner pursuant to 8 C.F.R. 3.23 (b)(4)(ii).

17. That the Respondent has demonstrated that his failure to appear was due to the failure to receive notice of the hearing and the failure to appear was through no fault of respondent as defined in INA Sec. 239(a)(1) of the Act.

18. Counsel is filing the instant Motion without the benefit of reviewing Respondent's file which has been ordered by the EOIR, Chicago office.

19. Respondent is currently detained with ICE and will attempt to supplement the instant Motion with an Affidavit.

**WHEREFORE**, Respondent, Trinidad Ruvalcaba-Gonzales moves the court to reopen this matter and set same for a new Master Calendar date.

Respectfully submitted,

Trinidad Ruvalcaba-Gonzales

Omar A. Abuzir

Horn, Khalaf, Abuzir, Mitchell & Schmidt, LLC
2 North LaSalle Street, Suite 630
Chicago, Illinois 60602
(312)281-5444

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court

OMB#1125-0006
**Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court**

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person:

NAME: Trinidad RUBALCABA-GONZALES
(First)  (Middle Initial)  (Last)

ADDRESS: 5515 South Kostner
(Number and Street)  (Apt. No.)

Chicago, Illinois 60629
(City)  (State)  (Zip Code)

DATE (mm/dd/yy): 4/17/08

ALIEN NUMBER(S) (List lead alien number and all family member alien numbers and names, if applicable. Continue on next page as needed.)

A23 173 748

Please check one of the following:

[X] 1. I am a member in good standing of the bar of the highest court(s) of the following state(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia:

Full Name of Court: SUPREME COURT
State Bar No. (if applicable): STATE OF ILLINOIS

(Please use space on reverse side to list additional jurisdictions.)

I [X] am not (or [ ] am - explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions (other than federal courts) where I am licensed to practice law.

[ ] 2. I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review pursuant to 8 C.F.R. § 1292.2 (provide name of organization and expiration date of accreditation):

[ ] 3. I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 1292.1 (explain fully on reverse side).

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Immigration Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNATURE OF ATTORNEY OR REPRESENTATIVE
X [signature]

EOIR ID#

DATE (mm/dd/yy): 4/17/08

NAME OF ATTORNEY OR REPRESENTATIVE (type or print):
OMAR A. ABUZIR

ADDRESS:
2 NORTH LASALLE STREET
SUITE 630
CHICAGO, ILLINOIS 60602

[ ] Check here if new address

PHONE NUMBER (with area code): (312) 281-5444
FAX NUMBER (with area code): (312) 558-9075

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
IMMIGRATION COURT

IN RE:                              )
                                    )
Trinidad Ruvalcaba-Gonzales         )   In Deportation Proceedings
A 23 173 748                        )
                                    )
Respondent.                         )

## NOTICE OF MOTION

TO:   OFFICE OF THE DISTRICT COUNSEL        EOIR
      ICE                                   55 East Monroe Street, #1900
      55 East Monroe Street, Suite 1700     Chicago, Illinois 60603
      Chicago, Illinois 60603

PLEASE TAKE NOTICE that on April 17, 2008, I caused to be filed in the EOIR, Chicago, Illinois, Respondent's Motion to Reopen In Absentia Order. A copy of which is hereby served upon you.

                                              _____
                                              Omar A. Abuzir

## CERTIFICATE OF SERVICE

I, Stanley J. Horn, certify that I caused a copy of this Notice and its attachment to be served via first class mail upon the above addressee by 5:00 p.m. on April 17, 2008.

                                              _____
                                              Omar A. Abuzir

Horn, Khalaf, Abuzir, Mitchell & Schmidt, LLC
2 North LaSalle Street, Suite 630
Chicago, Illinois 60602
(312)281-5444

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL 60603

HORN, KHALAF, ABUZIR & MITCHELL & SCHMIDIT, LLC
ABUZIR, OMAR A.
10003 S. ROBERTS ROAD
PALOS HILLS, IL 60465

IN THE MATTER OF
RUBALCABA-GONZALEZ, TRINIDAD    FILE A 23-173-748    DATE: Jun 16, 2008

\_ UNABLE TO FORWARD - NO ADDRESS PROVIDED

\_ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE. THIS DECISION IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION. SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL. YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST MUST BE MAILED TO:    BOARD OF IMMIGRATION APPEALS
OFFICE OF THE CLERK
P.O. BOX 8530
FALLS CHURCH, VA 22041

X ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING. THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C. SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6), 8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS. IF YOU FILE A MOTION TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

IMMIGRATION COURT
55 EAST MONROE ST., SUITE 1900
CHICAGO, IL 60603

\_ OTHER:
_____

                                    [signature]
                                    COURT CLERK
CC: DEPARTMENT OF HOMELAND SECURITY    IMMIGRATION COURT
55 EAST MONROE ST., STE., 1700
CHICAGO, IL 606030000                                              FF



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
CHICAGO, ILLINOIS

File #: A23-173-748

In the Matter of:                          )
                                           )
   Trinidad Rubalcaba-Gonzalez             )  IN DEPORTATION PROCEEDINGS
                                           )
             Respondent                    )

<u>Application</u>: Motion to Reopen

ON BEHALF OF THE RESPONDENT:         ON BEHALF OF THE GOVERNMENT:
Omar A. Abuzir                       Anastasie M. Senat, Ass't Chief Counsel
2 N. LaSalle St., #630               Department of Homeland Security
Chicago, IL 60602                    55 E. Monroe St.; #1700
                                     Chicago, IL 60603

## DECISION OF THE IMMIGRATION JUDGE

The respondent is a native and citizen of Mexico who entered the United Sates without inspection in 1974; an Order to Show cause was issued on August 24, 1982. A previous Immigration Judge (IJ) found the respondent deportable but granted the respondent suspension of deportation on January 8, 1986. This case has now been to the Board of Immigration Appeals (BIA) twice on different issues. Based upon the second remand to the Immigration Court, the respondent was scheduled to appear in Immigration Court on April 15, 1999 (not July 15, 1999 as stated in the respondent's motion). The respondent did not appear and was ordered removed in absentia by a previous IJ; the respondent's attorney of record, Stanley J. Horn was present at this hearing.

On October 15, 1999 the respondent filed his <u>first</u> motion to reopen, in which he claimed "exceptional circumstances" (sickness) for his failure to appear at the April 15, 1999 hearing. The previous IJ denied the motion to reopen on August 29, 2000 (not September 27, 2000 as stated in the respondent's motion). There is no indication that this order was ever appealed.

The respondent now comes almost eight years later and files his <u>second</u> motion to reopen, claiming he did not receive notice of the "July 15, 1999" hearing. NOTE: There was no July 15, 1999 hearing in this case; the respondent was ordered removed in absentia because he failed to appear at his hearing on April 15, 1999, although his attorney was present at the hearing. The respondent is now claiming he did not receive notice of the hearing.

The respondent's Motion to Reopen is numerically barred and will be denied, pursuant to

8 C.F.R. §1003.2(c)(2). The respondent has already filed one motion to reopen based upon "exceptional circumstances" and he is now filing a second motion to reopen based upon alleged lack of notice. It is clear the respondent had notice through his counsel of the April 15, 1999 hearing, as respondent's counsel attended the hearing and then filed a motion to reopen based upon "exceptional circumstances", not lack of notice.

ORDER: IT IS ORDERED that the respondent's Motion to Reopen is **DENIED**.

DATE: June 16, 2008

Glen L. Bower
Immigration Judge

U.S. Citizenship and Immigration Services                                              I-797C

# THE UNITED STATES OF AMERICA

| Receipt Number: | | Case Type: |
| --- | --- | --- |
| WAC-08-240-11553 | | I-130 - Petition for Alien Relative |
| Received Date: May 23, 2008 | Priority Date: | Petitioner: RUBALCABA, EUSTOLIO |
| Notice Date: May 29, 2008 | Page   1 OF 1 | Beneficiary: RUBALCABA, TRINIDAD |

STANLEY HORN
2 NORTH LASALLE STREET SUITE 630
CHICAGO IL 60602

| Notice Type: | Receipt Notice |
| --- | --- |
| Amount Received: | $355.00 |
| Section: | Parent of U.S. Citizen, 201(b) INA |

Receipt Notice - This notice confirms that USCIS received your application or petition ("this case") as shown above. If any of the above information is incorrect, please immediately call 800-375-5283 to let us know. This will help avoid future problems.

This notice does not grant any immigration status or benefit. It is not even evidence that this case is still pending. It only shows that the application or petition was filed on the date shown.

Processing Time - Processing times vary by kind of case. You can check our website at www.uscis.gov for our current processing times for this kind of case at the particular office to which this case is or becomes assigned. At our website's "case status online" page, you can also view status or sign up to receive free e-mail updates as we complete key processing steps in this case. During most of the time this case is pending, however, our systems will show only that the case has been received, and the processing status will not have changed, because we were working on other cases that were filed earlier than this one. We will notify you by mail, and show in our systems, when we make a decision on this case or if we need something from you. If you do not receive an initial decision or update from us within our current processing time, check our website or call 800-375-5283. Please save this notice and any other notice we send you about this case, and please make and keep a copy of any papers you send us by any means, along with any proof of delivery to us. Please have all these papers with you if you contact us about this case.

If this case is an I-130 Petition - Filing and approval of a Form I-130, Petition for Alien Relative, is only the first step in helping a relative immigrate to the United States. The beneficiaries of a petition must wait until a visa number is available before they can take the next step to apply for an immigrant visa or adjustment of status to lawful permanent residence. To best allocate resources, USCIS may wait to process forms I-130 until closer to the time when a visa number will become available, which may be years after the petition was filed. Nevertheless, USCIS processes forms I-130 in time not to delay relatives ability to take the next step toward permanent residence once a visa number does become available. If, before final action on the petition, you decide to withdraw your petition, your family relationship with the beneficiary ends, or you become a U.S. citizen, call 800-375-5283.

Applications requiring biometrics - In some types of cases USCIS requires biometrics. In such cases, USCIS will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must WAIT for that separate appointment notice and take it (NOT this receipt notice) to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are: a passport or national photo identification issued by your country, a drivers license, a military photo identification, or a state issued photo identification card. If you receive more than one ASC application notice, even for different cases, take them both to the first appointment.

If your address changes - If your mailing address changes while your case is pending, call 800-375-5283 or use the "Online Change of Address" function on our website. Otherwise, you might not receive notice of our action on this case.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U. S. Citizenship and Immigration Services
USCIS California Service Center
P.O. Box 30111
Laguna Niguel, CA 92607-0111



1034698    0103469810                                         Form I-797C (Rev. 01/31/05) N

EXHIBIT D